UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nikole Ann Bain,   Case No. 3:19-cv-2438

    Plaintiff

v.   MEMORANDUM OPINION
AND ORDER

Toledo Municipalities, *et al.*,

    Defendants

## Introduction

On September 25, 2019, plaintiff Nikole Ann Bain filed this *pro se* civil action against Uhaul, "Toledo Municipalities," and the City of Toledo in the District Court for the Southern District of New York (Doc. No. 2), along with a motion to proceed *in forma pauperis* (Doc. No. 1). In her Complaint, she alleges that a rented Uhaul truck she was driving ran out of gas on the interstate in Toledo, and that while she left the vehicle to get assistance, the truck was towed to an "impound lot," which refused to give the vehicle back to her without her paying "cash fees/ransom money." (Doc. No. 2 at 5.)

Additionally, she alleges the "City of Toledo unconstitutionally detained and released" her after she "refused to abandon the property [she] had rented as well as the property in tow." (*Id.* at -5-6.) In her Complaint, she lists the following federal constitutional violations: "Guarantee of a Republican Form of Government," "No Violation of 'Law' Under U.S. Const. Art. I," "Freedom of Association under U.S. Const. Amend. I"; and "Unconstitutional detainment and Obstruction(s) of Justice U.S. Const. Art. 3, Amend. IV, V, VI." (*Id.* at 2.)

1

Asserting she has sustained physical and financial injuries, she seeks "relief from the forced purchases" she allegedly incurred as result of the impounding of the truck, a "writ of garnishment for all of [her] personal belongings being detained and held with a demand of ransom," and "assistance with [her] medical expenses." (*Id.* at 6.)

On October 11, 2019, the District Court for the Southern District of New York transferred the action here, and on January 6, 2020, the plaintiff and Uhaul filed a stipulated dismissal of the action as against Uhaul.

Accordingly, the plaintiff's Complaint as against "Toledo Municipalities" and the City of Toledo is now before me. I will grant the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 1), but for the reasons stated below, I must dismiss her Complaint.

## Standard of Review and Analysis

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe her complaint indulgently and hold it to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Nonetheless, even *pro se* plaintiffs must satisfy basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to avoid a dismissal for failure to state a claim, a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals of *pro se* complaints under § 1915(e)(2)(B)).

Even according the plaintiff's Complaint the deference to which a *pro se* pleading is entitled, it is insufficient to suggest any plausible claim upon which she may be granted relief. Title 42 U.S.C. § 1983 creates a cause of action against state actors for violations of citizens' constitutional or other federal statutory rights. 42 U.S.C. § 1983. To establish a claim, a plaintiff must demonstrate that a "person" acting under color of state law caused a constitutional rights violation. *Strickland on Behalf of Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997).

The plaintiff's allegations are insufficient to suggest a plausible claim. First, the conclusory list of constitutional claims she sets forth in her pleading are facially invalid based on her allegations. *See, e.g., Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint state a claim for relief).

Further, even if she had asserted some potentially applicable constitutional claim, her allegations are insufficient to suggest potential liability on the part of "Toledo Municipalities" or the City of Toledo. Although municipalities and other local government bodies are "persons" within the meaning of § 1983, it is well established that such governments may only be liable where their own unconstitutional "policy" or "custom" causes the constitutional right deprivation. Liability on a local or municipal government may not be imposed solely on the basis of unconstitutional acts of employees under a theory of *respondeat superior*. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

Thus, to state a claim against a local and municipal government, a plaintiff must point to some "policy or custom" of the government defendant itself that caused the complained-of constitutional violation. *Garner v. Memphis Police Dept.*, 8 F.3d 358, 363 (6th Cir. 1993).

The plaintiff's Complaint does not forth allegations plausibly suggesting that a policy or custom of the City of Toledo, or a "Toledo Municipality," caused a violation of her rights. She simply alleges in purely conclusory terms that her constitutional rights were violated. Such allegations are insufficient to support a municipality policy claim under *Monell*.

## Conclusion

Accordingly, the plaintiff's Complaint is summarily dismissed pursuant 28 U.S.C. § 1915(e)(2)(B). I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

      s/ Jeffrey J. Helmick
United States District Judge